UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 6418 |
| | ) | |
| MOECHERVILLE WATER DISTRICT, N.F.P., | ) | Judge Virginia M. Kendall |
| | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT OF FORECLOSURE AND ORDER OF SALE

Under Federal Rule of Civil Procedure 55(b), Plaintiff United States of America moves for entry of a default judgment of foreclosure and order of sale on its Complaint against Defendants Moecherville Water District, N.F.P ("Moecherville") and Unknown Owners and Nonrecord Claimants. In support of this Motion, United States of America states as follows:

1. On October 7, 2010, the United States filed this case to foreclose whatever right, title and interest Moecherville and the other defendants had in certain real and personal property located at 527 South Kendall, 539 South Farnsworth, 1228 Ziegler Avenue, 1206 Ziegler Avenue, all in Aurora, Illinois. (ECF No. 1).

2. On October 7, 2010, the United States filed an *ex parte* application and supporting memorandum for the appointment of a receiver to operate the water system during the pendency of the foreclosure proceedings. (ECF Nos. 4 and 5).

3. On October 8, 2010, the Court granted the United States' *ex parte* application for the appointment of Illinois Rural Water Association ("IRWA") as the receiver for the water system. (ECF No. 6).

4. Simultaneous to the filing of the instant motion, Plaintiff also moves for the entry of an order of default, pursuant to Federal Rule of Civil Procedure 55(a), against Moecherville and Unknown Owners and Nonrecord Claimants. (Doc. No. 56).

5. An order of default "necessarily has the effect of admitting all well-pleaded facts in the complaint relating to liability." *In re Uranium Antitrust Lit.*, 473 F.Supp. 382, 391 (N.D. Ill. 1979).

6. Therefore, Moecherville's and the Unknown Owners' and Nonrecord Claimants' failure to defend and deny the allegations of Plaintiff's Complaint results in those allegations being admitted.

REAL PROPERTY

7. "Foreclosure proceedings in Illinois are governed by the Illinois Mortgage Foreclosure Law." *Ocwen Federal Bank v. Harris*, 2000 WL 1644377 (N.D. Ill. 2000).

8. Pursuant to 735 ILCS 5/15-1506(a)(1), the allegations of fact in the Complaint have been proved and attested to by the Declaration of Michael A. Wallace, Illinois Community Programs Director for the United States Department of Agriculture, Rural Development ("USDA"). A copy of the Declaration of Michael Wallace is attached as Exhibit 1.

9. Pursuant to 735 ILCS 5/15-1506(a)(2), the attached Declaration of Michael Wallace sets forth the amount that is due the Plaintiff under the terms of its mortgage ("Mortgage"). Exhibit 1.

10. As proved and attested to by the Declaration of Michael A. Wallace, Moecherville is in default under the terms of the promissory notes and other loan documents.

11. Based upon the damages, as set forth in the attached Declaration of Michael

Wallace, Moecherville owes Plaintiff $3,418,706.39 through February 21, 2012. Under the two promissory notes, per diem interest of $313.95 accrues each day after February 21, 2012.

12. The special right of redemption under 735 ILCS 5/15-1604 is waived under paragraph 19 of the Mortgage. A true and correct copy of the Mortgage was attached to the Complaint as Exhibit B. The Complaint and its exhibits are attached hereto as Exhibit 2.

13. On October 8, 2010, IRWA was appointed the receiver to manage the mortgaged real estate, pursuant to paragraph 19 of the Mortgage and the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §3001, *et seq*.

14. According to paragraph 19 of the Mortgage, IRWA "shall be appointed to take charge of the facility of the Borrower...at once and to hold possession of and operate the same until foreclosure or until the debt is fully paid, and all revenues and charges derived from the operation of said facility, extensions and/or additions, less the costs and expenses of operation and maintenance and of the receivership, shall be applied ratably on the debts secured thereby."

15. As receiver, IRWA has the authority to collect revenues from the operation of the water system and apply such receipts to the payment of ordinary operating expenses. 735 ILCS 5/15-1704(b)(2); 735 ILCS 5/15-1704(c)(3). Moreover, IRWA has the authority to hold receipts as reserves, as reasonably required in executing the receiver's duties. 735 ILCS 5/15-1704(c)(8).

16. According to the most recent report filed with the Court, IRWA currently holds $183,052.32 in receipts from the operation of the water system. A copy of IRWA's April 2012 Status Report is attached as Exhibit 3.

17. The receipts collected by IRWA from the operation of the mortgaged real estate shall be applied in the order of priority, as set forth in the Mortgage and 735 ILCS 5/15-1704(d).

## OTHER COLLATERAL

18. In addition to foreclosing its Mortgage, the United States seeks to foreclose its right, title and interest in certain personal property, pursuant to 810 ILCS 5/9-601 *et seq*.

19. Pursuant to 810 ILCS 5/9-601, a secured party, after default, may reduce a claim to judgment, foreclose, or otherwise enforce its claim or security interest by any available judicial procedure, including where the collateral is documents, proceeding against the documents or the goods they cover.

20. As proved and attested to by the Declaration of Michael A. Wallace, Moecherville is in default under the terms of the promissory notes and other loan documents.

21. Pursuant to section 10 of the Loan Resolution Security Agreement and paragraph 11 of the Mortgage, Moecherville is also in default under the Loan Resolution Security Agreement where a default in any instrument incident to the making or issue of the loan may be construed by the Government to constitute a default under the Loan Resolution Security Agreement. A true and correct copy of the Loan Resolution Security Agreement is attached to the Complaint as Exhibit C. *See* Exhibit 2, Ex. C.

22. After default, the United States, in accordance with the provisions of 810 ILCS 5/9-601 *et seq*. and the provisions of the loan documents executed by Moecherville, now seeks to foreclose its security interest in certain collateral.

23. As security for the subject loans, Moecherville executed a Loan Resolution Security Agreement, under which it pledged to the United States "all present and future contract rights, accounts receivable and general intangibles arising in connection with the facility" (hereinafter referred to as the "Accounts"). Such security interest was perfected by the filing of a UCC Financing Statement with the Illinois Secretary of State. A true and correct copy of the

UCC Financing Statement is attached to the Complaint as Exhibit D. *See* Exhibit 2, Ex. D.

24. As further security for the subject loans, Moecherville pledged to the United States its rights, title and interest in "any property, real, personal, mixed, tangible, or intangible, of every nature and kind whatsoever consisting of sites, and all fixed equipment and appurtenances thereto...and all such properties and assets that the Borrower may hereafter acquire, with like effect as though now owned by the Borrower and as though covered and conveyed hereby by specific and apt descriptions, together with all revenues and service charges which may arise or be had from the operation of the water facility of the Borrower and any and all extensions thereto." *See* Exhibit 2, Ex. B, Granting Clause Two on page 2.

25. A list of the personal property (hereinafter referred to as the "Personal Property") pledged under the terms of the Mortgage is attached as Exhibit 4.

26. The draft judgment of foreclosure and order of sale will be submitted for the Court's approval and which in particular:

> a) Authorizes judicial sale of the Property, Personal Property and Accounts, in the event that the amount found due and owing is not fully satisfied within thirty (30) days of the entry of this judgment.
>
> b) Requests that the Court, pursuant to 28 U.S.C. §3103(g), authorize the receiver's retention of the "revenues and services charges," as used in the Mortgage, and "all present and future contracts rights, account receivables, and general intangibles, arising in connection with the facility," as that phrase is used in the Loan Resolution Security Agreement.
>
> c) Requests that the Court, pursuant to 28 U.S.C. §3103(g)(3), require the receiver to file a final accounting of the receipts and disbursements, including the

receiver's compensation for services rendered.

d) Provides that the net receipts, after costs and expenses, will be credited against Moecherville's outstanding balance. The calculation of the net receipts will be deferred until IRWA is discharged as receiver.

WHEREFORE, United States respectfully requests the Court to enter:

    (i) a judgment of foreclosure and order of sale of the Property, Personal Property, Accounts and other collateral;

    (ii) a deficiency judgment against Moecherville, pursuant to 735 ILCS 5/15-1504(f) and 735 ILCS 5/15-1511, for its breach of the promissory notes, if the sale of the Property, Personal Property, Accounts and other collateral fail to produce a sufficient amount to pay the amount found due and owing;

    (iii) an order granting possession; and

    (iv) a judgment for attorneys' fees, costs and expenses.

                                Respectfully submitted,

                                PATRICK J. FITZGERALD
                                United States Attorney

                                By: s/ Joseph A. Stewart
                                    JOSEPH A. STEWART
                                    Assistant United States Attorney
                                    219 South Dearborn Street
                                    Chicago, Illinois 60604
                                    (312) 469-6008
                                    joseph.stewart@usdoj.gov